**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 09-479-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| William P. Murphy, | ) | |
| Defendant. | ) | |

Pending before this Court is Defendant's motion to suppress (Doc. #68). The Court held an evidentiary hearing on the motion on December 15, 2009. Following the hearing, the Court rules as follows.

**I.  Background**

On April 1, 2009, police arrested Defendant for failing to return and/or stealing a UHAUL truck that Defendant had rented for 1 day on February 19, 2009. After arresting Defendant, police searched Defendant and found a gun in Defendant's pocket. Defendant argues that the gun and his subsequent statements should be suppressed because police did not have probable cause to arrest him. The government argues that at the time the arrest was made, police had probable cause because they knew the UHAUL truck Defendant was using was more than 72 hours overdue for return.[1] Defendant disputes that the police had this

---

[1] *See* A.R.S. § 13-1814(a)(2); A.R.S. § 13-1806(A).

information before they arrested him, instead arguing that the information was obtained after he had already been arrested.

**II.    Law**

Probable cause to arrest,

> exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested... Alternatively, this court has defined probable cause as follows: when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.

*United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (internal citations and quotations omitted).

Arizona Revised Statute 13-1814(A)(2) states, "A person commits theft of a means of transportation if, without lawful authority, the person ... [c]onverts for an unauthorized term or use another person's means of transportation that is entrusted to or placed in the defendant's possession for a limited, authorized term or use."

Arizona Revised Statute 13-1806(A) states, "A person commits unlawful failure to return rented property if, without notice to and permission of the lessor of the property, the person knowingly fails without good cause to return the property within seventy-two hours after the time provided for return in the rental agreement."

**III.   Evidence**

At the hearing, Sergeant Coffman testified that on April 1, 2009, he advised Officer Jacobs that he saw a man (who later was identified as Defendant Murphy) accessing the back of a UHAUL truck. The man then went into an apartment. While the man was in the apartment, Officer Jacobs, being familiar with UHAUL's truck return system, told Sargent Coffman to contact UHAUL to ask if the truck was stolen.[2] At the hearing, the UHAUL employee, David Heppler testified that he told Sergeant Coffman that the truck was due to

---

[2] Officer Jacobs had determined that the truck was not listed as stolen in any police records.

be returned on February 20, 2009, that UHAUL had authorized that a stolen vehicle report be filed with the police by the local UHAUL branch, that the vehicle needed to be recovered as stolen, and that UHAUL would prosecute for this stolen vehicle. The employee also told Sergeant Coffman that the truck had been rented by William Murphy, including Mr. Murphy's date of birth. Sergeant Coffman relayed this information to Officer Jacobs. Because of his prior dealings with Defendant, Officer Jacobs knew Defendant Murphy.

Defendant Murphy returned to the truck. Defendant Murphy opened the driver's side door of the truck and leaned into the truck. Officer Jacobs, at the direction of Sergeant Coffman, approached Defendant Murphy and recognized him. After a brief conversation, Officer Jacobs arrested Defendant.

Defendant argues that his investigation reveals that the sequence of these events is not as the police stated. Specifically, Defendant argues that UHAUL's records made by the employee who spoke to Sergeant Coffman show that Defendant was arrested before UHAUL said the truck was stolen. The UHAUL employee's notes made in the record of this UHAUL truck state:

> I spoke with Sgt Coffman with Phoenix police [phone number omitted]. He was monitoring the vehicle during an investigation. Sgt requested stolen information to detain the suspect driving. I contact rental location and they are having Glendale PD come out and file the stolen report, per authorization given on 3-31-09. I contact Sgt Coffman w/ Phoenix and he advised me they had already taken the subject into custody.

Doc. #68-3 at 3.

The Court finds that nothing in the employee's notes is inconsistent with the Sergeant Coffman's testimony. The employee's notes say that during the first call Sergeant Coffman requested information regarding the status of the truck. Indeed the employee's testimony at the hearing confirms that he told Sergeant Coffman that UHAUL had authorized that a stolen vehicle report be filed. The records confirm the employee's knowledge, specifically that prior to this call from Sergeant Coffman, UHAUL had 27 separate entries about this truck not being returned and UHAUL's efforts to recover it, including a March 31, 2009 entry

authorizing the local employees to file a stolen vehicle report.[3]  Further, Sergeant Coffman testified unequivocally that he confirmed that the vehicle was in a "stolen" status with UHAUL before he told Officer Jacobs to approach Defendant.  Similarly, Officer Jacobs testified unequivocally that Sergeant Coffman told him that UHAUL had confirm the truck was in "stolen" status before Officer Jacobs contacted Defendant.

After the first call from Sergeant Coffman, the UHAUL employee contacted the local rental place to have them to immediately file the stolen vehicle report that had been authorized on March 31, 2009.  The employee then spoke to Sergeant Coffman again to tell him the vehicle would appear as stolen in the police records soon.  As of this second conversation, based on the information from the employee in the first conversation, the officers had already arrested Defendant.  Nothing in the employee's notes or testimony is inconsistent with the either the officer's or the sergeant's testimony.[4]

Given the language of Arizona Revised Statute 13-1806(A), that a person commits unlawful failure to return property if he does not return the property within 72 hours of the time provided in the rental agreement, and given that Sergeant Coffman was advised on April 1, 2009 that the UHAUL Defendant was using was due back February 20, 2009 and that it was in "stolen" status with UHAUL, Sergeant Coffman had reasonably trustworthy information that a crime had been committed. *See Lopez*, 482 F.3d at 1072.  Therefore, the officers had probable cause to arrest.

---

[3] It appears that between February 20, 2009 and March 31, 2009, UHAUL made its own efforts to recover the truck from the customer before authorizing that a stolen vehicle report be filed.

[4] At the hearing, defense counsel argued that this Court should give weight to the UHAUL employee's testimony about his opinion about whether the officers had enough information to arrest Defendant after the first conversation between the employee and Sergeant Coffman.  But, as the Court stated at the hearing, the UHAUL employee's opinion of the law does not affect the legal conclusion of whether the police had enough information to believe a crime had been committed by the end of this first conversation between the employee and Sergeant Coffman.

- 4 -

### IV. Conclusion

Because the officers had probable cause to arrest, the officers could search Defendant incident to arrest. *See Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979). Therefore, Defendant's motion to suppress the gun found on his person is denied. Further, because the officers had probable cause to arrest, Defendant's subsequent statements are not "fruit" of an unlawful arrest. Thus, Defendant's motion to suppress his statements is also denied. Accordingly,

**IT IS ORDERED** that Defendant's motion to suppress (Doc. #68) is denied.

DATED this 17th day of December, 2009.

James A. Teilborg
United States District Judge